UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN PROPERTY LOCATORS, INC.
3855 South Boulevard, Suite 200
Edmond, OK 73013

    *Plaintiff,*

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION
1300 Pennsylvania Ave., NW,
Washington, DC 20229

    *Defendant.*

Civil Action No. 24-379

### COMPLAINT

American Property Locators, Inc. ("Plaintiff" or "APL") brings this judicial review and action against the United States Customs and Border Protection ("Defendant" or "CBP" or "Agency"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks financial records responsive to Plaintiff's FOIA request.

3. The best representation of Plaintiff's request is Plaintiff's FOIA Request letter and attachments, dated September 25, 2023, attached to this Complaint as Exhibit 101.

4. Defendant has violated the Freedom of Information Act by failing to conduct a reasonable search and by failing to release all responsive, non-exempt records according to law.

## PARTIES

5. Plaintiff, American Property Locators, Inc., is a company located in Edmond, Oklahoma, that specializes in assisting individuals and organizations in recovering unclaimed and/or uncollected funds and assets belonging to them. Plaintiff made the request at issue in this judicial review on September 25, 2023.

6. Defendant, the United States Customs and Border Protection, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to this request.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

9. Plaintiff is a corporation that recovers unclaimed and/or uncollected funds and/or assets belonging to individuals and companies. The purpose for requesting the records is for commercial use.

10. On September 25, 2023, Plaintiff submitted a FOIA request for records to Defendant via CBP's SecureRelease Portal. Exhibit 101 is Plaintiff's FOIA Request and it is attached and made part of this Complaint. The signature of Ron Leppke has been redacted on the final page of Exhibit 101.

11. The timeframe of Plaintiff's request is "January 1, 2022 through the time that the agency conducts its search for responsive records." Exhibit 101. Plaintiff requests:

    a. "All records showing or depicting funds from Customs and Border Protection ("CBP") which attempt to return the funds to any person or entity, only for the information described in the attached Exhibit 101(A) and Exhibit 101(B)." *Id*. at 2.

    b. "All checks which have been issued by CBP which have been replaced by CBP." *Id*.

    c. "All checks which have been issued by CBP which remain in their canceled status." *Id*.

    d. "All records showing or depicting information about canceled checks." *Id*.

    e. "All records showing or depicting that status of funds of persons or entities in the attached Exhibit 101(A) and Exhibit 101(B)." *Id*.

12. On October 20, 2023, via email, CBP acknowledged receipt of the request and assigned FOIA tracking number CBP-FO-2023-143884. Exhibit 102 is CBP's Request Acknowledgement Letter and it is attached and made part of this Complaint.

13. On October 26, 2023, CBP sent Plaintiff a fee estimate letter via email. The letter stated that CBP had placed Plaintiff in the "commercial requester category" and that "[t]he search, review and business submitter process are estimated to take 18 hours of

managerial time, for a total of $738.00." Exhibit 103 is CBP's Fee Estimate Letter and it is attached and made part of this Complaint.

## Plaintiff's Administrative Appeal

14. On November 13, 2023, Plaintiff submitted an Administrative Appeal of its request via email. Exhibit 104 is Plaintiff's Administrative Appeal and Exhibits and it is attached and made part of this Complaint.

15. On November 15, 2023, CBP confirmed receipt of Plaintiff's Administrative Appeal via email. Exhibit 105 is CBP's Confirmation of Receipt of the Administrative Appeal and it is attached and made part of this Complaint.

16. On December 12, 2023, CBP sent a final determination letter on Plaintiff's Administrative Appeal via email. In the letter, CBP stated, "we affirm the FOIA Division calculation of the fees in this case." Exhibit 106 is CBP's Final Determination Letter on Plaintiff's Administrative Appeal and it is attached and made part of this Complaint.

17. Plaintiff disputes the Agency's claim that the information contained in the records was "provided to CBP by a business submitter." *See id.* at 5.

18. Plaintiff is aware that CBP's current FOIA officer believes that the business submitter process applied to Plaintiff's FOIA request, however, businesses do not provide the information contained in the records Plaintiff has requested. Instead, the check detail is public information obtained from the Bureau of Fiscal Services. Therefore, the business submitter process does not apply to Plaintiff's request.

19. For over 20 years, Plaintiff has been obtaining the exact type of records requested in this case from CBP without CBP applying the business submitter process. Exhibit 107 is CBP FOIA Records from 2001 and 2020 and it is attached and made part of this Complaint.

The records contained in Exhibit 107 were released by CBP to APL without application of the business submitter process and contain the same kind of information that APL seeks in FOIA request CBP-FO-2023-143884.

20. The current CBP FOIA officer, Amy Miller, is applying the business submitter process to Plaintiff's FOIA request. Over the past 20 years, numerous FOIA officers at CBP have approved the release of the same type of information APL seeks in this current FOIA request without application of the business submitter process. During this time, no other FOIA officer required the business submitter process on APL's requests. On previous requests made by APL, former CBP attorney, Matthew Pollack, has tried to work around Amy Miller's position to assist APL in obtaining records without application of the business submitter process.

21. On January 17, 2024, CBP sent an email stating it had closed Plaintiff's case on CBP-FO-2023-143884. Exhibit 108 is CBP's Case Closure Letter and it is attached and made part of this Complaint.

22. Plaintiff has exhausted all administrative remedies, and this matter is ripe for de novo judicial review.

## LEGAL FRAMEWORK OF FOIA

23. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

24. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the

Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. § 552(a)(4)(B).

25. Under FOIA, the federal agency has the burden to sustain its actions. *Id*.

26. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

27. Plaintiff realleges paragraphs 1 through 26 above as if fully set forth herein.

28. The United States Customs and Border Protection has failed to conduct a reasonable search for all records responsive to Plaintiff's request.

**COUNT II – DEFENDANT'S FAILURE TO RELEASE ALL NON-EXEMPT RESPONSIVE RECORDS**

29. Plaintiff realleges paragraphs 1 through 28 above as if fully set forth herein.

30. The United States Customs and Border Protection has failed to produce all records, or portions of records, responsive to Plaintiff's request.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for all records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate and just.

Dated: February 8, 2024

RESPECTFULLY SUBMITTED,

<u>/s/ C. Peter Sorenson</u>
C. Peter Sorenson, DC Bar #438089
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Lead attorney for Plaintiff*