UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PROPERTY LOCATORS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>*Defendant.* | Civil Action No. 24-0379 (TSC) |

**DECLARATION OF RONNIE BRAUN LEPPKE**

I, Ronnie Braun Leppke, do declare, subject to the penalties of perjury, that the following statements are true and correct to the best of my knowledge and belief:

1. I have served as President at American Property Locators, Inc. ("APL") in Edmond, Oklahoma from 1993 to the present time.

2. For over 30 years, APL has been locating, claiming, and returning funds to our clients throughout the United States and internationally. Since 1993, APL has recovered millions of dollars in uncollected assets and is one of the nation's first asset recovery companies.

3. APL locates stale dated checks (limited payability records) and attempts to coordinate a reissue to the payee prior to the statutory deadline for recovery. Many payees are unfamiliar with the process to have a replacement check issued, as well as the time limit imposed on asset recovery.

4. As President at APL, my duties include making Freedom of Information Act ("FOIA") requests for financial records.

1

5. I have been making FOIA requests for over 20 years. *See* Complaint ("Compl.") Ex. 107 [ECF No. 1-11].

6. APL's requests to the U.S. Customs and Border Protection ("CBP" or "agency") do not solicit confidential financial information regarding the check payees; APL requests only information as to whether a check has been reissued.

7. The initial stale dated check information, including information regarding the payee, is publicly available through the U.S. Department of Treasury Bureau of Fiscal Services ("Treasury"). *See* Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mot.") Ex. H [ECF No. 6-12]. The Bureau of Fiscal Services does not control records relating to check reissue.

8. Although APL has previously submitted FOIA requests where APL includes documentation to evidence APL's authority to act, any such requests are distinguishable on the basis that they sought confidential information on behalf of a client. *See* Def.'s Mot. Ex. A, B [ECF Nos. 6-5, 6-6].

**Request No. CBP-2022-125751 (not subject to this judicial review)**

9. CBP did not apply the business submitter process to any requests made by APL prior to September 2, 2022.

10. On September 2, 2022, I submitted a FOIA request using CBP's SecureRelease online portal. The request was given tracking number CBP-2022-125751. CBP provided a fee estimate. I was unaware at the time that the estimate included fees assessed under the business submitter process.

11. Without realizing that the business submitter process was being applied to my FOIA request, I paid CBP in accordance with its fee estimate.

12. On October 18, 2022, I became aware that the business submitter process was applied to my FOIA request No. CBP-2022-125751, and that fees for the business submitter process were included in the total fees I paid. At this time, I indicated that I contested the application of the business submitter process and made at least two requests for a refund.

13. At no time have I indicated consent to, or approval of, the application of the business submitter process to FOIA requests submitted by APL.

14. On February 3, 2023, CBP released records responsive to FOIA request No. CBP-2022-125751 and withheld confidential commercial information exempt under 5 U.S.C. § 552 (b)(4).

15. I submitted the instant FOIA request, and all other FOIA requests, with the understanding that information appropriately exempt from disclosure would be redacted pursuant to the FOIA.

16. In emails between check payees (businesses) and CBP, CBP appears to mischaracterize the request as seeking the companies' confidential information. *See* Def.'s Mot. Ex. D-G [ECF Nos. 6-8 through 6-11].

**Request No. CBP-FO-2023-143884 (the subject of this judicial review)**

17. On September 25, 2023, my attorney, C. Peter Sorenson, made a request to CBP. Compl. Ex. 101 [ECF No. 1-5]. The FOIA request sought the following records to include January 1, 2022, through the time that the agency conducts its search for responsive records:

    1. All records showing or depicting funds from Customs and Border Protection ("CBP") which attempt to return the funds to any person or entity, only for the information described in the attached Exhibit 101(A) and Exhibit 101(B);
    2. All checks which have been issued by CBP which have been replaced by CBP;

    3. All checks which have been issued by CBP which remain in their canceled status;
    4. All records showing or depicting information about canceled checks;
    5. All records showing or depicting that status of funds of persons or entities in the attached Exhibit 101(A) and Exhibit 101(B).
*Id.*

18. The request at issue in this case seeks updates to the status of stale dated checks. *Id.*

19. The attachments to the request establish the non-confidential nature of the check and payee information—the information is publicly available and is made part of the FOIA request. Compl. Ex. 101 at 7–20 [ECF No. 1-5].

20. On October 20, 2023, CBP confirmed receipt of the request via email, issued a received date of September 25, 2023, and assigned FOIA tracking no. CBP-FO-2023-143884. Compl. Ex. 102 [ECF No. 1-6]. The agency also acknowledged the requirement under FOIA to issue a determination within 20 working-days, but indicated that CBP would be invoking a 10-day extension. *Id.*

21. On October 26, 2023, CBP sent a fee estimate letter via email stating that APL was a "commercial requester," and that, "the search, review, and business submitter process are estimated to take 18 hours of managerial time, for a total of $738.00." Compl. Ex. 103 [ECF No. 1-7]. The letter directed APL to pay $738.00 within 30 days. *Id.* The letter also stated that APL could appeal the fee estimate within 30 days. *Id.* The letter did not provide that APL had 90 days to appeal. *Id.*

22. On November 13, 2023, my attorney submitted an administrative appeal. Compl. Ex. 104 [ECF No. 1-8]. The appeal challenged both CBP's application of the business submitter process and the improper imposition of a 30-day appeal period. *Id.* The appeal also challenged the agency's failure to conduct an adequate search and failure to issue a determination within 20 working days. *Id.*

23. On November 15, 2023, CBP sent an acknowledgement letter and assigned Case File No. CBP-AP-2024-000389 to the administrative appeal. Compl. Ex. 105 [ECF No. 1-9].

24. On December 12, 2023, CBP sent a final determination letter in response to the administrative appeal. Compl. Ex. 106 [ECF No. 1-10]. CBP denied the appeal and revised the estimate—including costs associated with the business submitter process—to $865.50 to reflect professional staff time (omitted from the initial fee estimate), but indicated it would honor its initial estimate of $738.00. *Id.*

25. The appeal determination letter also indicated that CBP would not be taking action to remedy the misapplication of a 30-day appeal period, "in the interest of economy and for a swift resolution."*Id.* The letter also informed APL of its right to obtain a judicial review. *Id.*

26. On January 17, 2024, CBP sent a letter stating that because no payment had been received within 30 days of the appeal decision, the case had been closed. Compl. Ex. 108 [ECF No. 1-12].

27. CBP did not issue a final determination on the request within the time limit set forth by the FOIA. 20 working days passed on October 24, 2023. The ten-day extension passed on November 7, 2023.

28. On February 8, 2024, my attorney filed a complaint against CBP. *See* Compl. [ECF No. 1].

29. APL does not dispute that it is a "commercial requester."

30. APL disputes the assessment of any fees, since the agency did not comply with the FOIA timelines. More specifically, the agency did not provide a 90-day appeal period for APL to appeal CBP's October 26, 2023, fee estimate letter; the agency instead provided 30

5

days to appeal. Likewise, the agency has not issued a final determination on my request in accordance with FOIA timelines.

31. If fees are assessed, APL disputes the estimated fee amount of $738.00. APL also disputes the propriety of the $865.50 fee calculation, stated in the appeal determination letter.

32. CBP is incorrectly applying the "business submitter process" to our records request.

33. Request No. CBP-FO-2023-143884, at issue here, requests records updating check status information. APL is not asking for any records or information that any companies submitted to the government. We are likewise not asking for any detailed financial information or confidential commercial information. APL requests information as to whether Treasury checks have been reissued.

34. The business submitter process should not be applied to our requested records and APL should not be billed for any time relating to the business submitter process.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated this 27th day of June 2024, at Edmond, Oklahoma

*/s/ Ronnie Braun Leppke*
Ronnie Braun Leppke