UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PROPERTY LOCATORS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> *Defendant.* | Civil Action No. 24-0379 (TSC) |

**PLAINTIFF'S STATEMENT OF FACTS AND RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

Pursuant to Local Civil Rule 7(h), Plaintiff American Property Locators, Inc. ("Plaintiff" or "APL") respectfully responds to Defendant, United States Customs and Border Protection's ("Defendant" or "CBP" or "agency") Statement of Facts [ECF No. 6-2], and presents additional material facts as follows:

**Plaintiff's Response to Defendant's Statement of Facts (1–23):**

1. Plaintiff ADMITS, and further clarifies that request no. CBP-2022-125751 is not subject to this judicial review. Declaration of Ronnie Braun Leppke ("Leppke Decl.") ¶ 10 [filed herein].

2. Plaintiff ADMITS that the FOIA request was similar, but further clarifies that the FOIA request sought updated status information for stale dated checks, information which CBP has supplied previously without requiring a power of attorney. *Id.* ¶¶ 7, 9. Although

1

Plaintiff has submitted previous FOIA requests where APL includes documentation to evidence APL's authority to act, these requests are distinguishable based on the confidential information sought. *Id.* ¶ 8. On the other hand, the request at issue in this case seeks status information. *Id*. ¶ 18.

3. Plaintiff ADMITS, but further clarifies that it only became aware of the application of the business submitter process on October 18, 2022. *Id.* ¶¶ 10–12.

4. Plaintiff ADMITS, but further clarifies that it later requested a refund for overpayment and contested the application of the business submitter process. *Id.* ¶ 12.

5. Plaintiff ADMITS, but further clarifies that it does not agree with the application of the business submitter process, and only became aware of the application of the business submitter process on October 18, 2022, after paying the fee. *Id*.

6. Plaintiff ADMITS, but objects to CBP's mischaracterization of APL's request as seeking the companies' confidential information. *Id.* ¶ 16.

7. Plaintiff ADMITS. *Id.* ¶ 14.

8. Plaintiff ADMITS, and further clarifies that it does not dispute CBP's authority to withhold records that appropriately fall under a FOIA Exemption. *Id.* ¶ 15. Plaintiff further clarifies that it attempted to receive a refund for excess fees related to pre-disclosure notice on at least two occasions over email. *Id.* ¶ 12.

9. Plaintiff ADMITS. *Id.* ¶ 17.

10. Plaintiff ADMITS. *Id.*

11. Plaintiff ADMITS. *Id.* ¶ 29.

12. Plaintiff ADMITS. *Id.* ¶ 21.

13. Plaintiff DENIES. *Id.* ¶ 18.

14. Plaintiff DENIES, and further clarifies that the above information is publicly available and is made part of APL's requests to CBP. As such, Plaintiff does not seek payee or check information outside of a status update. *Id.* ¶ 19.

15. Plaintiff DENIES. Plaintiff is seeking status updates for stale checks, not privileged financial information. *Id.* ¶ 18.

16. Plaintiff DENIES, and further clarifies that the requested information seeks an update for stale check information provided by the Bureau of Fiscal Services and made publicly available. *Id.* ¶ 7.

17. Plaintiff DENIES, and further clarifies that it makes its request using publicly available check and payee information. *Id.* ¶¶ 7, 19. Plaintiff further clarifies that check status updates, while disputably novel transactions, do not request or reveal confidential commercial information about the business. See *Id.* ¶ 6.

18. Plaintiff ADMITS, but further clarifies that it only submits a power of attorney when it seeks confidential information on behalf of a client, and not when it only seeks a check status update. *Id.* ¶ 8.

19. Plaintiff ADMITS. *Id*. ¶ 22.

20. Plaintiff ADMITS. *Id.* ¶ 24.

21. Plaintiff DENIES. *Id*. ¶ 31.

22. Plaintiff ADMITS. *Id*. ¶ 24.

23. Plaintiff ADMITS. *Id.* ¶ 28.

**Plaintiff's Statement of Facts (24–end):**

24. Defendant's October 26, 2023, Fee Estimate Letter indicated that Plaintiff could appeal the fee estimate within 30 days of its receipt, rather than 90 days, as stated in the FOIA.

3

*Id.* ¶ 21; Compl. Ex. 106 [ECF No. 1-10]. In its Final Determination Letter, Defendant determined that remanding to correct the timeline would not be in the interest of administrative efficiency. Leppke Decl. ¶ 25 [filed herein]; Compl. Ex. 106 [ECF No. 1-10].

25. In Defendant's December 12, 2023, Final Determination Letter, Defendant stated Plaintiff had a right to judicial review. Leppke Decl. ¶ 25 [filed herein]; Compl. Ex. 106 [ECF No. 1-10].

26. On January 17, 2024, Defendant issued a letter stating that due to non-payment, it had closed Plaintiff's request after 30 days. Leppke Decl. ¶ 26 [filed herein]; Compl. Ex. 108 [ECF No. 1-12].

27. Defendant has not released any records in response to Plaintiff's request, and did not issue final determination on the request within the 20 working-day statutory period, which passed on October 24, 2023. *See* Compl. ¶ 4 [ECF No. 1]; Leppke Decl. ¶ 27 [filed herein]. The ten working-day extension passed on November 7, 2023. Leppke Decl. ¶ 27 [filed herein].

Dated: This 3rd day of July, 2024.

                                                     Respectfully submitted,

                                                     /s/  C. Peter Sorenson
                                                     C. Peter Sorenson, DC Bar No. 438089
                                                     Sorenson Law LLC
                                                     PO Box 10836
                                                     Eugene, Oregon 97440
                                                     541-606-9173
                                                     peter@sorensonfoialaw.com

                                                     *Attorney for Plaintiff*