**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

AMERICAN PROPERTY LOCATORS, INC.,

       *Plaintiff,*

       v.

UNITED STATES CUSTOMS AND BORDER
PROTECTION,

       *Defendant.*

Civil Action No. 24-0379 (TSC)

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO**
**DISMISS AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT**

1

**TABLE OF CONTENTS**

I. INTRODUCTION....................................................................................................5

II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE.............................7

III. LEGAL STANDARD...........................................................................................10

   A. The Freedom of Information Act........................................................................10

   B. Standard of Review...........................................................................................12

      i. *De novo* judicial review is appropriate; Plaintiff has exhausted available administrative remedies.

      ii. Plaintiff's Complaint survives Defendant's Motion to Dismiss and alternative Motion for Summary Judgment.

      iii. No fees should be assessed, and in the alternative, the issue of fee assessment should be reviewed *de novo*.

IV. ARGUMENT.......................................................................................................18

   A. Fees Are Improper In This Case........................................................................19

   B. If Fees Are Assessed, The Fee Estimate Was Improperly Calculated.................19

      i. No business submitter has designated the records as commercial- or financially-sensitive information.

      ii. Defendant does not have reason to believe that disclosure of the records sought is reasonably expected to cause substantial competitive harm.

      iii. The business submitter process does not apply if no commercial information is disclosed.

      iv. The business submitter process does not apply if the records sought are lawfully or otherwise available to the public.

   C. Even Under An Arbitrary And Capricious Standard, The Outcome Is The Same...............26

   D. Defendant's Fee Estimate Contradicts The Spirit Of FOIA.................................27

V. CONCLUSION.....................................................................................................28

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................. 14

*Ashcroft v. Iqbal*, 556 U.S. 544 (2007).................................................................. 14, 25

*Auer v. Robbins,* 519 U.S. 452 (1997).......................................................................... 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................... 14, 25

*Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31 (D.D.C. 2011).................................. 19

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)..............................................................14

*Christensen v. Harris Cnty.*, 529 U.S. 576 (2000)......................................................... 17

*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1980).......... 11

*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980).............. 12

*Collins v. Nat'l Transp. Safety Bd.*, 351 F.3d 1246 (D.C. Cir. 2003).......................... 15

*Colo. Wild Pub. Lands v. U.S. Forest Serv.*, 691 F. Supp. 3d 149 (D.D.C. 2023)........ 28

*COMPTEL v. U.S. Fed. Commc'n Comm'n*, 910 F. Supp. 2d 100 (D.D.C. 2012)........ 11

*Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976).................................................... 10

*Hull v. U.S. Att'y*, 279 F. Supp. 3d 10 (D.D.C. 2017).................................................. 12

*King v. U.S. Dep't of Just.*, 830 F.2d 210 (D.C. Cir. 1987)..................................... 11–12

*Kisor v. Wilkie*, 588 U.S. 558 (2019)..................................................................... 17–18

*Larson v. Cent. Intel. Agency*, 843 F.2d 1481 (D.C. Cir. 1988)............................. 16–17

*Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082 (9th Cir. 1996)............ 11

*Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242 (D.C. Cir. 1977)................. 24

*Miller v. Casey*, 730 F.2d 773 (D.C. Cir. 1984)..................................................... 22–23

*Morley v. Cent. Intel. Agency*, 508 F.3d 1108 (D.C. Cir. 2007)................................... 24

*Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm*
*Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)......................................................... 16–17, 26–27

*Nat'l Sec. Couns. v. Cent. Intel. Agency*, 898 F. Supp. 2d 233 (D.D.C. 2012)............................ 15

*Nat'l Sec. Couns. v. Cent. Intel. Agency*, 931 F. Supp. 2d 77 (D.D.C. 2013)............................. 13

*Nat'l Sec. Couns. v. U.S. Dep't of Just.*, 80 F. Supp. 3d 40 (D.D.C. 2015).................................. 16

*Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92 (2015)........................................................... 20

*U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991)........................................................... 11, 27

*United States v. Cook*, 594 F.3d 883 (D.C. Cir. 2010).................................................... 15

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).......................................................... 24

*Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1 (D.D.C. 2004)............................ 24

## Statutes

5 U.S.C. § 552..........................................................6–7, 9–12, 15–17, 19–20, 23–24, 27–28

5 U.S.C. § 706(2)(A)....................................................................................16, 26

31 U.S.C. § 3702(b)(1)................................................................................... 5, 27

## Other Authorities

6 C.F.R. § 5.7.............................................................................................. 17

6 C.F.R. § 5.8............................................................................................. 6, 9

6 C.F.R. § 5.12.................................................................... 5–6, 17–23, 25–27, 29

Fed. R. Civ. P. 12(b)(6)................................................................................ 14, 28

Fed. R. Civ. P. 56(a)..................................................................................... 14

74 Fed. Reg. 4683, Presidential Memorandum (Jan. 21, 2009)....................................10

Former A.G. Holder's Memo for Heads of Exec. Dep'ts & Agencies (Mar. 19, 2009)............... 11

## I. INTRODUCTION

In the present case, the Plaintiff—American Property Locators, Inc. ("Plaintiff" or "APL")—has filed a judicial review to enforce its rights as a requester under the Freedom of Information Act ("FOIA"). At issue in this judicial review, *inter alia*, is Defendant, U.S. Customs and Border Protection's ("Defendant" or "CBP" or "agency") improper assessment of fees in response to Plaintiff's request No. CBP-FO-2023-143884. Because Defendant did not adhere to the timelines set forth by the FOIA, assessment of *any* fees associated with request No. CBP-FO-2023-143884 is improper. If fees are assessed, for the reasons discussed below, Plaintiff submits that the Court should deny Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot.") [ECF No. 6], and should also order Defendant to revise its fee estimate to remove costs associated with the business submitter process, conduct an adequate search for responsive records, and release all responsive records not subject to an exemption under FOIA (5 U.S.C. § 552(b)).

As part of its business, Plaintiff routinely submits FOIA requests to Defendant for the release of non-confidential information relating to the status of limited payability records (stale dated checks). Declaration of Ronnie Braun Leppke ("Leppke Decl.") ¶¶ 3, 5 [filed herein]. Plaintiff obtains initial check and payee information from the U.S. Department of Treasury ("Treasury") Bureau of Fiscal Services ("BFS") and subsequently requests records from Defendant indicating whether the checks have been reissued. *Id.* ¶ 7. Plaintiff uses the status records in an attempt to assist the check payee with recovery of the funds prior to the six-year statutory deadline under 31 U.S.C. § 3702(b)(1). Leppke Decl. ¶ 3 [filed herein].

For over 20 years, Defendant has released the requested records to Plaintiff without applying the business submitter process. *Id.* ¶¶ 5, 9; *see* 6 C.F.R. § 5.12. After receiving

Plaintiff's FOIA request at issue in this case, Defendant issued a fee estimate that included costs

associated with pre-disclosure notice under the business submitter process. Complaint

("Compl.") Ex. 103 [ECF No. 1-7]; Leppke Decl. ¶ 21 [filed herein].

Under 6 C.F.R. § 5.12(b)(1), Defendant must apply the business submitter process where:

(i) The business submitter has in good faith designated the information as
commercially- or financially-sensitive information. The business submitter's
claim of confidentiality should be supported by a statement by an authorized
representative of the business entity providing *specific justification that the
information in question is considered confidential commercial or financial
information* and that the information has not been disclosed to the public; or
(ii) CBP has reason to believe that disclosure of the information could reasonably
be expected to cause substantial competitive harm.

*Id.* (emphasis added).

Under 6 C.F.R. § 5.12(b)(2), Defendant is not required to apply the business submitter

process where:

(i) CBP determines that the commercial information will not be disclosed;
(ii) The commercial information has been lawfully published or otherwise made
available to the public; or
(iii) Disclosure of the information is required by law (other than 5 U.S.C. 552).

*Id.*

Plaintiff's FOIA request does not include records designated as "commercially- or

financially-sensitive" in good faith by the submitter. Leppke Decl. ¶ 19 [filed herein]. Likewise,

disclosure of the records could not reasonably be expected to cause substantial competitive harm.

Further, the fee estimate letter advised Plaintiff that it had only 30 days to appeal the fee

estimate, rather than the 90 days provided by Department of Homeland Security ("DHS")

regulations, as well as the FOIA. *Id.* ¶ 21; 6 C.F.R. § 5.8(a)(1) ("to be considered timely it must

be postmarked or, in the case of electronic submissions, transmitted to the Appeals Officer within

90 working days of the component's response."); *see* 5 U.S.C. § 552(a)(4)(A)(viii)(I). The business submitter process should not be applied to Plaintiff's request.

Defendant's Motion to Dismiss fails on the basis that not only has Plaintiff actually exhausted its administrative remedies with regard to the fee assessment, it has constructively exhausted the available administrative remedies with regard to the merits of Plaintiff's FOIA request, as Defendant has yet to issue a final determination. Further, Plaintiff has clearly stated grounds for relief in its Complaint—reassessment of fees without costs associated with the business submitter process, as pre-disclosure notice is not required. Compl. ¶¶ 27–30 [ECF No. 1]. Defendant's alternative Motion for Summary Judgment is also inappropriate, as there remain genuine issues of material fact related to fee assessment.

Moreover, Plaintiff has alleged that Defendant failed to conduct a reasonable search for records, and has failed to release all responsive, nonexempt records. *Id.* ¶ 4. Plaintiff respectfully submits that the Court should order Defendant to conduct an adequate search and release responsive records without applying the business submitter process.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Ronnie Braun Leppke has served as the President of American Property Locators, Inc. in Edmond, Oklahoma since 1993. Leppke Decl. ¶ 1 [filed herein]. Plaintiff has been locating, claiming, and returning funds to its clients throughout the United States, using FOIA to request records to aid in its business. *Id.* ¶¶ 2–4. Plaintiff acquires initial records related to stale dated checks from the BFS. *Id.* ¶ 7. Plaintiff uses the check and payee records to make its FOIA requests to Defendant, wherein Plaintiff seeks status updates for the stale dated checks. *Id.* ¶¶ 3, 7. The request at issue seeks records pertaining to a list of Treasury checks that have since expired—in particular, Plaintiff seeks information as to whether a replacement check has already

been issued. *Id.* ¶ 3. If a check has not been reissued, Plaintiff attempts to coordinate a reissue of the check to the payee prior to the statutory time for recovery runs out. *Id.*

On September 25, 2023, Plaintiff submitted a FOIA request using Defendant's SecureRelease online portal. *Id.* ¶ 17. The FOIA request requested the following records from January 1, 2022, through the time that the agency conducts its search for responsive records:

1. All records showing or depicting funds from CBP which attempt to return the funds to any person or entity, only for the information described in the attached Exhibit 101(A) and Exhibit 101(B);
2. All checks which have been issued by CBP which have been replaced by CBP;
3. All checks which have been issued by CBP which remain in their canceled status;
4. All records showing or depicting information about canceled checks;
5. All records showing or depicting that status of funds of persons or entities in the attached Exhibit 101(A) and Exhibit 101(B).

Compl. Ex. 101 [ECF No. 1-5]; Leppke Decl. ¶ 17 [filed herein].

On October 20, 2023, Defendant confirmed receipt of the request via email, issued a received date of September 25, 2023, and assigned FOIA request No. CBP-FO-2023-143884. Compl. Ex. 102 [ECF No. 1-6]; Leppke Decl. ¶ 20 [filed herein]. In the email, the agency acknowledged the requirement to issue a determination within 20 working-days but indicated that Defendant would be invoking a ten-day extension. Compl. Ex. 102 [ECF No. 1-6]; Leppke Decl. ¶ 20 [filed herein].

On October 26, 2023, Defendant sent a fee estimate letter via email. Compl. Ex. 103 [ECF No. 1-7]; Leppke Decl. ¶ 21 [filed herein]. The letter stated that Defendant had placed Plaintiff in the "commercial requester category," making Plaintiff "responsible to pay for the direct costs of search and review of responsive records at the per quarter (¼) hour." Compl. Ex. 103 [ECF No. 1-7]; Leppke Decl. ¶ 21 [filed herein]. The letter asserted, "the search, review, and business submitter process are estimated to take 18 hours of managerial time, for a total of $738.00." Compl. Ex. 103 [ECF No. 1-7]; Leppke Decl. ¶ 21 [filed herein]. The letter requested

payment within 30 days and further provided that if Plaintiff wished to contest Defendant's fee estimate, it could do so by "filing an appeal within 30 days of the date of this letter following the procedures outlined in the DHS regulations at Title 6 C.F.R. § 5.8." Compl. Ex. 103 [ECF No. 1-7]; Leppke Decl. ¶ 21[filed herein].

On November 13, 2023, Plaintiff filed an administrative appeal, challenging both Defendant's improper imposition of a 30-day appeal period and the improper assessment of business submitter fees. Compl. Ex. 104 [ECF No. 1-8]; Leppke Decl. ¶ 22 [filed herein]. Plaintiff also appealed the agency's failure to issue a determination within the FOIA timelines and failure to conduct an adequate search. Compl. Ex. 104 [ECF No. 1-8]; Leppke Decl. ¶ 22 [filed herein]. On December 12, 2023, Defendant issued a Final Determination Letter to Plaintiff. Compl. Ex. 106 [ECF No. 1-10]; Leppke Decl. ¶ 24 [filed herein]. In this letter, Defendant reasserted its belief that the business submitter process was appropriate and indicated that remanding to correct the 30-day appeal period was not in either parties' interests. Compl. Ex. 106 [ECF No. 1-10]; Leppke Decl. ¶ 25 [filed herein].

On February 8, 2024, Plaintiff filed a Complaint against Defendant. Compl. [ECF No. 1]; Leppke Decl. ¶ 28 [filed herein]. The Complaint alleged that Defendant failed to conduct an adequate search and release all nonexempt responsive records. Compl. ¶¶ 4, 27–30 [ECF No. 1]; Leppke Decl. ¶ 28 [filed herein]. Additionally, the Complaint alleged that Defendant improperly assessed fees due to its erroneous application of the business submitter process. Compl. ¶ 18 [ECF No. 1]. Further, Defendant arbitrarily assigned a 30-day appeal period when it delivered the fee estimate, despite a 90-day timeline set forth under both DHS regulations and the text of the FOIA. 6 C.F.R § 5.8(a)(1) (stipulating a 90-day appeal period "if the requester believes there is a procedural deficiency," and explicitly citing improper fee calculation as an example); 5

U.S.C. § 552(a)(4)(A)(viii)(I); Leppke Decl. ¶ 21 [filed herein].

On April 12, 2024, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Def.'s Mot. [ECF No. 6]. Defendant contends that by not paying the fee set forth, which includes the disputed costs of pre-disclosure notice, Plaintiff's FOIA request is no longer valid. Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgement ("Def.'s Mem.") at 15 [ECF No. 6-1]; Compl. Ex. 108 [ECF No. 1-12]. Defendant also alleges that notice is required under its internal regulations as it designated the responsive records as confidential financial information, based on its belief that the businesses might suffer competitive harm if the records are disclosed, or in the alternative, the submitters' designation of the information as confidential. Def.'s Mem. at 21–22 [ECF No. 6-1]. To the contrary, Plaintiff submits that the more likely risk of harm occurs where check payees are not advised of the statutory time limit to recover stale check funds, an issue which Plaintiff seeks to remedy through exercising its rights to records under FOIA.

### III. LEGAL STANDARD

#### A. The Freedom of Information Act

The purpose of FOIA is to "open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). Former President Obama reinforced FOIA's strong presumption of disclosure with regard to all FOIA decisions. *See* Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009) (directing agencies to administer FOIA under a presumption that, "[i]n the face of doubt, openness prevails"). Former Attorney General Eric Holder issued FOIA guidelines that reinforce a commitment to open government,

encouraging federal agencies to both "make discretionary releases of information" and to "make partial disclosures" when an agency determines full disclosure is not possible. *See* Former A.G. Holder's Memo for Heads of Exec. Dep'ts & Agencies (Mar. 19, 2009). These authorities have not been changed by the current Administration and remain in effect.

FOIA "mandates a policy of broad disclosure of government documents" and carries a strict disclosure mandate that requires federal agencies to expeditiously disclose requested records to requesters. *See* 5 U.S.C. § 552; *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 741 (9th Cir. 1980). Consequently, any inquiry under FOIA brings with it a "strong presumption in favor of disclosure." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). To that end, nothing in FOIA should be read to "authorize withholding of information or limit the availability of records to the public, except as specifically stated." *See* 5 U.S.C. § 552(a)(d). Congress recognized that in certain limited instances, records may be exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id*. These exemptions, however, "must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir. 1996).

Accordingly, because FOIA carries a presumption in favor of disclosure, and indeed, because "FOIA requesters face an information asymmetry given that the agency possesses the requested information and decides whether it should be withheld or disclosed," *COMPTEL v. U.S. Fed. Commc'n Comm'n*, 910 F. Supp. 2d 100, 111 (D.D.C. 2012) (internal citations omitted), agencies bear the burden of justifying the withholding of any records that are responsive to a FOIA request. § 552(a)(4)(B). An agency must provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."

*King v. U.S. Dep't of Just.*, 830 F.2d 210, 219 (D.C. Cir. 1987) (agency must provide justification

for exemption); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C.

Cir. 1980) (holding an agency's disclosure of "who wrote the [document], to whom it was

addressed, its date, and a brief description" was "patently inadequate" to establish exemption

under FOIA).

Under the FOIA Improvement Act of 2016, agencies are prohibited from denying

requests for records under FOIA unless the agency reasonably believes release of the records will

harm an interest that is protected by the exemptions. *See* FOIA Improvement Act of 2016 (Public

Law No. 114-185), codified at § 552(a)(8)(A)(i)(I).

### B.  Standard of Review

####   i.   *De novo* judicial review is appropriate; Plaintiff has exhausted available administrative remedies.

Plaintiff has exhausted all available administrative remedies. "Actual exhaustion, or an

administrative 'appeal to the head of the agency,' is required when an agency responds to a

request." *Hull v. U.S. Att'y*, 279 F. Supp. 3d 10, 12 (D.D.C. 2017) (quoting 5 U.S.C. §

552(a)(6)(A)). Regarding constructive exhaustion, the text of the FOIA states: "Any person

making a request to any agency for records . . . shall be deemed to have exhausted his

administrative remedies with respect to such a request if the agency fails to comply with the

applicable time limit provisions of this paragraph." 5 U.S.C.§ 552(a)(6)(C)(i). The time limit

provisions refer to the 20-day determination period for requests and appeals alike. *Id.* §

552(a)(6)(A). In this case, Plaintiff actually exhausted its administrative remedies regarding the

fee determination after filing a timely administrative appeal that the Defendant rejected. *See*

Compl. Ex. 106 at 5 [ECF No. 1-10]. Plaintiff then constructively exhausted its administrative

remedies regarding the substance of its FOIA request after Defendant failed to issue a final

determination on the request within 20 working-days from receipt of the request, nor after the ten additional working-days provided for "unusual circumstances." *See* Compl. ¶ 30 [ECF No. 1]; *see also* Compl. Ex. 106 at 4 [ECF No. 1-10] (On administrative appeal, Defendant noted that "no final determination has been made by FOIA Division on your request for records").

Defendant stated in its response to Plaintiff's administrative appeal that no final determination on the substance of the request had been issued, and thus Plaintiff had not exhausted the administrative appeals process prior to bringing a judicial review. Compl. Ex. 106 [ECF No. 1-10]. This misstates the applicable standard for administrative exhaustion in the FOIA context. Under the recognized doctrine of constructive exhaustion, "a requester shall be deemed to have exhausted his administrative remedies with respect to [their] request and may therefore immediately seek judicial review in federal district court . . . if the agency fails to answer the request within 20 days." *Nat'l Sec. Couns. v. Cent. Intel. Agency*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013). Moreover, Defendant's determination on Plaintiff's appeal also stated Plaintiff's right to pursue a judicial review. Compl. Ex. 106 [ECF No. 1-10]. In this case, the Plaintiff filed its request on September 25, 2023. Compl. ¶ 10 [ECF No. 1]; Leppke Decl. ¶ 17 [filed herein]. 20 working-days passed on October 24, 2023, and the ten-day extension passed on November 7, 2023, all without a final determination. Leppke Decl. ¶ 27 [filed herein]. Accordingly, Plaintiff has a right to access judicial review after constructively exhausting its administrative remedies.

> **ii.   Plaintiff's Complaint survives Defendant's Motion to Dismiss and alternative Motion for Summary Judgment.**

In filing its Complaint, Plaintiff seeks relief in the form of an appropriate fee assessment for the FOIA request central to this case, as well as injunctive relief related to Defendant's obligation to conduct a reasonable search and release all responsive records. Compl. at 6–7 [ECF

No. 1]. Having actually exhausted or constructively exhausted its administrative remedies, Plaintiff also seeks the prompt release of all records requested. *See id.* Counter to the assertions made by Defendant in its Memorandum ([ECF No. 6-1]), Plaintiff has asserted a plausible claim for relief, and dismissal by this Court would deny Plaintiff the opportunity for that relief. *See generally*, Compl. [ECF No. 1]; *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). Indeed, the Plaintiff in this case has met its burden of stating a claim with factual allegations "enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Accordingly, Plaintiff's Complaint must survive a 12(b)(6) Motion to Dismiss.

Summary judgment is appropriate only if the whole of the record shows that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Regarding materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmoving party, to defeat summary judgment, must then identify specific facts demonstrating that there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In this case, there remains a genuine issue of material fact as to whether the records sought in Plaintiff's FOIA request—check status information—is submitted by businesses to Defendant, as well as whether those records are confidential for the purpose of applying the business submitter process. Leppke Decl. ¶ 33 [filed herein]. There is also a genuine issue of material fact regarding the adequacy of Defendant's search and failure to release records. Accordingly, summary judgment is not appropriate in this case.

14

      iii.     **No fees should be assessed, and in the alternative, the issue of fee assessment should be reviewed *de novo*.**

The text of the FOIA provides, with limited exceptions, that ". . . an agency shall not assess any search fees . . . if the agency has failed to comply with any time limit under paragraph 6." 5 U.S.C. § 552(a)(4)(A)(viii)(I). The time limits specified in paragraph 6 of the FOIA require an agency to issue a determination within 20 working-days, with possible extension for an additional ten working-days in unusual circumstances, and to provide notice of a requester's right to an appeal period of "not less than 90 days." *Id.* § 552(a)(6)(A)(i), (a)(6)(A)(ii). Here, Defendant failed to provide notice of Plaintiff's right to a 90-day appeal period and further failed to issue a final determination within the FOIA's timelines. Because of this, it is inappropriate for Defendant to assess fees in association with Plaintiff's FOIA request.

There is limited precedent for the standard of review in a case challenging an agency's fee assessment specifically, but courts typically apply a *de novo* standard of review in fee-related proceedings. *See Larson v. Cent. Intel. Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (citing 5 U.S.C. § 552(a)(4)(A)(vii)). Cases challenging both designation of requester identity for purposes of determining fees and denial of fee waivers have been reviewed *de novo. Larson*, 843 F.2d at 1483; *Nat'l Sec. Couns. v. Cent. Intel. Agency*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012) ("Whether or not the CIA's interpretation of the term 'reasonably describes' in the FOIA is inconsistent with the FOIA is a purely legal question of statutory interpretation that the Court will review *de novo*."); *United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010) ("The proper interpretation of a statute is a question of law."); *Collins v. Nat'l Transp. Safety Bd.*, 351 F.3d 1246, 1253 (D.C.Cir. 2003) ("For generic statutes like the [FOIA], the broadly sprawling applicability undermines any basis for deference, and courts must therefore review interpretive questions *de novo*."). Because the present case primarily deals with fees under Defendant's

improper application of the business submitter process, the Court should apply *de novo* review to the present case in its entirety, including the issues of fee assessment, search inadequacy, and failure to release records.

Where courts have had the opportunity to review agency fee assessments for FOIA requests, the scope of their review bears greater similarity to broad *de novo* rather than even the most searching arbitrary and capricious review. *See e.g.*, *Nat'l Sec. Couns. v. U.S. Dep't of Just.*, 80 F. Supp. 3d 40, 47–51 (considering agency declaration together with requester's statements). Reverting to an "arbitrary and capricious" standard as set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), risks placing undue burden on plaintiffs seeking responsive records under FOIA. *See Larson*, 843 F.2d at 1481; *see generally* FOIA Improvement Act of 2016 (Public Law No. 114-185), codified at 5 U.S.C. § 552(a)(8)(A)(i)(I).

Plaintiff did not bring this case under the APA; Defendant's reliance on APA language is misplaced and has no application in the present FOIA case. Alternatively, even under an arbitrary and capricious standard of review, the Court should find in favor of Plaintiff, as Defendant has not met its burden in showing that it acted rationally with regard to its fee assessment. Under arbitrary and capricious review, the Court must determine whether the agency "examin[ed] relevant data and articulat[ed] a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted). "In reviewing the explanation, [the court] must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* The U.S. Supreme Court has identified four areas where reviewing courts would rule that an agency action was arbitrary and capricious: (1) the agency has relied on factors which Congress

has not intended it to consider; (2) entirely failed to consider an important aspect of the problem; (3) offered an explanation for its decision that runs counter to evidence before the agency; or (4) is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Id*. In this case, the Court should find in favor of Plaintiff regardless of whether it exercises its discretion to review *de novo*, or applies the APA's arbitrary and capricious standard, as CBP's application of the business submitter process is facially unreasonable.

Finally, Defendant asserts that its interpretation of the relevant regulation in this case, 6 C.F.R. § 5.12, is entitled to *Auer* deference. Def.'s Mem. at 14–15 [ECF No. 6-1]. *Auer* deference gives weight to an agency's reasonable interpretation of an ambiguous regulation. *Kisor v. Wilkie*, 588 U.S. 558, 563 (2019); *see Auer v. Robbins*, 519 U.S. 452 (1997). In the case at hand, Defendant is not entitled to *Auer* deference, which only applies to genuinely ambiguous regulations—i.e., "if the meaning of the words used is in doubt." *Kisor*, 588 U.S. at 574 (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000)). Defendant's regulation does not meet this criteria; each term within 6 C.F.R. § 5.12 either retains its ordinary meaning or is adequately defined elsewhere. *Id.; see* 6 C.F.R. § 5.7; *see also* 5 U.S.C. § 552(b)(4). As there is no uncertainty regarding the language within 6 C.F.R. § 5.12, "there is no plausible reason for deference." *Kisor*, 588 U.S. at 575. "The regulation then just means what it means—and the court must give it effect, as the court would give any law." *Id.*

Even if this Court were to agree with Defendant that 6 C.F.R. § 5.12 is genuinely ambiguous, Defendant's interpretation is still not entitled to *Auer* deference. "[T]he agency's reading [of the regulation] must fall 'within the bounds of reasonable interpretation.'" *Kisor*, 588 U.S. at 576. While Defendant's position regarding the business submitter process may indeed be reasonable in some contexts, it is not reasonable in this case. The Supreme Court identified three

requirements for a reasonable interpretation of an ambiguous regulation to receive *Auer*

deference: (1) the interpretation must be the agency's authoritative or official position, rather

than a more ad hoc statement not reflecting the agency's views; (2) the agency's interpretation

must implicate its substantive expertise; and (3) the agency's reading must reflect "fair and

considered judgment." *Id.* at 577–579. Defendant asserts that its interpretation fulfills the first

two requirements. Def.'s Mem. at 14–15 [ECF No. 6-1]. However, Defendant's interpretation, as

applied in this case, does not reflect "fair and considered judgment," but instead highlights

Defendant's inconsistent and unreasonable decision to designate check status records as

confidential. Indeed, the Supreme Court has only "rarely given *Auer* deference to an agency

construction conflicting with a prior one." *Kisor*, 588 U.S. at 579. Defendant's change in position

to apply the business submitter process is flawed, and Defendant's new position is not entitled to

*Auer* deference.

   Further, in the event the Court is persuaded that the regulation is ambiguous and

Defendant's interpretation is reasonable, it should still find in favor of the Plaintiff in this case.

Even applying *Auer* deference to Defendant's interpretation of 6 C.F.R. § 5.12, Defendant's

application of the business submitter process is improper, given the facts of the present case.

Plaintiff's request does not implicate confidential commercial records, and does not warrant

pre-disclosure notice. The Court should order Defendant to search for and promptly release

responsive records.

## IV. ARGUMENT

   In this *de novo* judicial review, Plaintiff respectfully urges the Court to find in favor of

the Plaintiff, and in doing so, compel the release of the requested records without an improper

assessment of fees. Additionally, Plaintiff submits that regardless of the Court's finding on fee

assessment, judicial review should continue on the merits of the case. Plaintiff's request does not require Defendant to undertake pre-disclosure notice, and as such, the Court should order Defendant to reassess fees without costs associated with the business submitter process, and conduct an adequate search and release all nonexempt, responsive records.

### A.   Fees Are Improper In This Case

Because the agency did not comply with the timelines under FOIA, no fees should be assessed. The FOIA provides that an agency shall not assess fees if it has not complied with the timelines under FOIA. 5 U.S.C. § 552(a)(4)(A)(viii); *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 37 (D.D.C. 2011) (finding that Agency did not meet the statutory deadline for issuing final determination). Here, the agency did not provide a 90-day appeal period for Plaintiff to appeal Defendant's October 26, 2023, fee estimate letter; the agency instead provided 30 days to appeal. Leppke ¶ 30 [filed herein]; Compl. Ex. 103 [ECF No. 1-7]. Further, the agency did not issue a determination within 20 working-days, or within the additional ten working-day period allowed for in unusual circumstances. Leppke Decl. ¶ 27 [filed herein]. No fees should be assessed in this case.

### B.   If Fees Are Assessed, The Fee Estimate Was Improperly Calculated

If fees are assessed, the fee estimate was improperly calculated. For purposes of the business submitter process, Defendant has the authority to release and withhold records. Plaintiff does not dispute that Defendant has discretion to withhold records it deems commercial under 6 C.F.R. § 5.12(b) and pursuant to Exemption 4. 5 U.S.C. § 552(b)(4). To be clear, Plaintiff does not seek records that have been designated by either the submitter as confidential or privileged, or by Defendant based on a reasonable belief that disclosure might cause substantial competitive harm to submitters. *See* 6 C.F.R. § 5.12(b)(1). Defendant is only compelled to apply the business

submitter process to FOIA requests that seek actually confidential or privileged records, which is not the case here.

After decades of fulfilling Plaintiff's similar FOIA requests, Defendant reconsidered its internal business submitter regulations, found at 6 C.F.R. § 5.12. Plaintiff does not dispute that Defendant maintains authority to update its interpretation of regulations, with or without a comment period or notice to the public. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 100–101 (2015). Plaintiff instead contends that the business submitter process does not apply to the instant FOIA request, nor would it have been proper for Defendant to apply it to any previous requests from Plaintiff. Central to Plaintiff's argument is that its FOIA request does not seek confidential or privileged records. Leppke Decl. ¶¶ 19, 33 [filed herein]; Compl. ¶ 18 [ECF No. 1]. Plaintiff also asserts that in the event that the records sought contain *some* commercial information, Defendant has the ability to withhold exempt records where appropriate. 5 U.S.C. § 552(b)(1–9); 6 C.F.R. § 5.12(b)(2)(i). The Court should order CBP to reassess fees without the business submitter process and subsequently search for and release responsive nonexempt records.

i. **No business submitter has designated the records as commercial- or financially-sensitive information.**

Defendant points to objections to disclosure raised by four businesses following Plaintiff's September 2022 FOIA request (not subject to this judicial review). Leppke Decl. ¶ 16 [filed herein]; Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]; Def.'s Mem. at 10 [ECF No. 6-1]. In the emails referenced, the businesses use boilerplate language to request that their information not be disclosed, but do not specify how or why that information is commercially- or financially-sensitive. Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]. Of note, Defendant has not shared how it conveyed Plaintiff's September 2022 FOIA request to the businesses. At best, the businesses' objections raise tenuous fears of a requester somehow acquiring banking

20

information for the businesses, trade secrets related to supplier costs, or confidential charging structures. In accordance with DHS regulations, a business submitter's designation of submitted records as confidential requires "specific justification." 6 C.F.R. § 5.12(b)(1)(i). The objections offered by Defendant do not provide specific justification—they use generic language without providing reasonable examples of the risk posed by disclosure. Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]; Leppke Decl. ¶ 16 [filed herein]. Defendant relies on these objections to imply that the requested records are designated by the businesses as confidential under 6 C.F.R. § 5.12(b)(1)(i); Def.'s Mem. at 9–10 [ECF No. 6-1]; Declaration by Patrick A. Howard ("Howard Decl.") ¶¶ 12–16 [ECF No. 6-4].

To the contrary, Plaintiff submits to the Court that these objections imply a mischaracterization of Plaintiff's prior FOIA request by Defendant. In addition, Defendant inappropriately presents that mischaracterization as proof that check payees have designated their information as confidential. In seeking records as to whether a check has been reissued, Plaintiff does not request any records submitted by businesses, much less confidential records. Here, Defendant is obligated to read the request as it is written, not as it might wish the request were written. *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). In attaching Exhibits 101(A) and 101(B) to its FOIA request, Plaintiff establishes that any payee or check records were lawfully disclosed by BFS prior to making the request. Compl. Ex. 101 at 7–20 [ECF No. 1-5]; Leppke Decl. ¶¶ 7, 19 [filed herein].

Additionally, Plaintiff's request establishes that it seeks a status update—not privileged commercial records. Leppke Decl. ¶ 18 [filed herein]. In some of Plaintiff's prior requests to CBP, Plaintiff has provided a power of attorney. Def.'s Mot. Ex. A, B [ECF Nos. 6-5, 6-6]. Defendant improperly points to these instances as the rule, rather than the exceptions to

Plaintiff's standard check status requests. Def.'s Mem. at 13 [ECF No. 6-1]. Those previous requests are distinct in that they sought confidential information on *behalf* of a client, rather than simply requesting an update for checks. Leppke Decl. ¶ 8; Def.'s Mot. Ex. A, B [ECF Nos. 6-5, 6-6]. In the present case, Defendant improperly interpreted Plaintiff's request as if it requested novel disclosure of confidential records. Leppke Decl. ¶ 16 [filed herein]; *see Miller*, 730 F.2d at 777 (explaining an agency's obligation to fulfill requests as written). Further, Defendant has not demonstrated that the check status records at issue are designated as confidential information in accordance with the specific justification element required under DHS regulations. 6 C.F.R. § 5.12(b)(1)(i). The Court should compel Defendant to reassess fees and release all responsive records without applying the business submitter process, as the records sought by Plaintiff are not, in fact, confidential information.

ii.    **Defendant does not have reason to believe that disclosure of the records sought is reasonably expected to cause substantial competitive harm.**

Defendant's belief that disclosure of the requested records could be "expected to cause substantial competitive harm" (6 C.F.R. § 5.12(b)(1)(ii)) is unreasonable on its face. Per Defendant's policy at 6 C.F.R. § 5.12, for the business submitter process to be appropriate, Defendant must establish that that disclosure to a FOIA requester is reasonably likely to cause substantial competitive harm to the submitter. *Id.* Defendant has released similar records to Plaintiff for over 20 years without incident. Leppke Decl. ¶¶ 5, 9 [filed herein]. Confidential records are neither requested by Plaintiff nor conveyed by Defendant. *Id.* ¶¶ 6, 19.

The records at issue in this case would not cause substantial competitive harm if released. The Court does not need to guess at speculative harms in this case; across more than 200 FOIA requests made by Plaintiff and fulfilled by Defendant, Defendant has not demonstrated any instances of actual or prospective harm to any business. Defendant has provided no support for

the reasonableness of its belief that disclosure is likely to result in competitive harm to the

submitters. Plaintiff does not seek banking details or Taxpayer Identification Numbers; its FOIA

request does not ask Defendant for records that would give it a competitive advantage over the

check payees. Def.'s Mot. Ex. G [ECF No. 6-11] ("A competitor or individual could use the

confidential banking and Defendant required identifiers and documentation to access Bio-Rad

accounts or determine our costs."). The arguments and objections offered by Defendant are

inadequate to show that Defendant's belief—that disclosure is likely to cause competitive

harm—is reasonable. Plaintiff seeks status updates to stale dated checks, relying on publicly

available records to make its FOIA request of Defendant. Leppke Decl. ¶ 7 [filed herein].

### iii.   The business submitter process does not apply if no commercial information is disclosed.

The records sought by Plaintiff—status updates to stale dated checks—do not require

Defendant to disclose commercial information. In the alternative, even if *some* records *could*

include "commercial information" as defined by DHS regulations, Defendant is authorized to

withhold any such records without invoking the business submitter process. 6 C.F.R. §

5.12(b)(2)(i). Plaintiff submits that as a result, Defendant is compelled by DHS regulations to

forgo pre-disclosure notice where records would be appropriately exempt under Exemption 4.

*Id.*; *see* 5 U.S.C. § 552(b)(4).

In addition, under FOIA law, Defendant is empowered to withhold or redact certain types

of records that properly fall under an exemption. 5 U.S.C. § 552(b)(1–9). The exemptions allow

for the timely and economical release of responsive records. In the case at hand, Plaintiff asserts

that Defendant is not required to use the business submitter process. Agencies have the right to

withhold records or portions of records that fall under one or more exemptions, but have the

burden of demonstrating that the exemptions asserted were properly applied. 5 U.S.C. §

552(b)(1–9); *see Vaughn v. Rosen*, 484 F.2d 820, 829 (D.C. Cir. 1973); *see also Morley v. Cent. Intel. Agency*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (explaining that agencies have a substantial burden under the FOIA to adequately document that any exemptions are appropriate). Further, under the FOIA Improvement Act of 2016, an agency is compelled to "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii)(II); *see also Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) ("[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.") (quoting *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)). Here, Plaintiff asserts that Defendant's invocation of the business submitter process falsely presumes that Plaintiff requests privileged commercial records.

iv.   **The business submitter process does not apply if the records sought are lawfully or otherwise available to the public.**

Plaintiff lawfully obtains payee and check records from BFS, and uses those records to make FOIA requests to Defendant. Leppke Decl. ¶ 7 [filed herein]. Within the instant FOIA request, Plaintiff requests an update as to whether checks have or have not been reissued. The records Defendant argues are confidential, "[payee name], address, payee ID number, check number, [and] amount of replacement check," (Howard Decl. ¶ 29 [ECF No. 6-4]), are publicly available via BFS. Leppke Decl. ¶ 7 [filed herein]. Any "confidential" records regarding check payees have already been made publicly available prior to Plaintiff's FOIA request to Defendant. *Id.* ¶ 19.

Plaintiff has established that the check and payee records described by Defendant are publicly available. *Id.* ¶ 7. In fact, Plaintiff uses those records in its FOIA request to Defendant. *Id.* ¶ 19; *See* Compl. Ex. 101 at 7–16 [ECF No. 1-5]. Defendant contends that the responsive

records include addresses, ID numbers, and payee financial/banking information. Howard Decl. at ¶ 29 [ECF No. 6-4]. Based on this notion, Defendant has previously applied the business submitter process to one of Plaintiff's FOIA requests. Howard Decl. ¶ 10 [ECF No. 6-4]; Leppke Decl. ¶¶ 10, 16 [filed herein]. Of those notified, only four companies objected to disclosure, and even those objections appear to be premised on a mischaracterization of Plaintiff's request by the Defendant. Howard Decl. ¶¶ 11–15 [ECF No. 6-4]; Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]; Leppke Decl. ¶ 16 [filed herein]. Defendant implies that these objections to disclosure indicate that disclosure poses a risk of harm to the businesses, (Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]) but offers no specific justifications from the businesses designating the information as confidential—a requirement under DHS regulations. 6 C.F.R. § 5.12(b)(1)(i) ("The business submitter's claim of confidentiality should be supported by . . . specific justification that the information in question is considered confidential commercial or financial information."); *see* Howard Decl. ¶ 16 [ECF 6-4].

Plaintiff's facts, accepted as true, not only survive Defendant's Motion to Dismiss, but also indicate that the FOIA request at issue in no way mandates pre-disclosure notice. *See Iqbal*, 556 U.S. at 678 (a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true [and] 'state[s] a claim to relief that is plausible on its face' . . . [and] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Twombly*, 550 U.S. at 570). Defendant has offered the Court no evidence that its belief is reasonable. Defendant has offered emails from four companies that use boilerplate language in their disclosure objections, but do not indicate that those companies have justified a confidential designation with the specificity required by DHS regulations (6 C.F.R. § 5.12(b)(1)(i)), nor do they predict any competitive harms likely to result from requesting updates

to stale check records. Def.'s Mot. Ex. D–G [ECF Nos. 6-8 through 6-11]. Plaintiff submits that

if Defendant withholds or redacts records under any of the nine exemptions, Defendant is

burdened with providing adequate justification for its decision.

### C.  Even Under An Arbitrary And Capricious Standard, The Outcome Is The Same

This case was brought under the FOIA, not the APA. Plaintiff's facts and arguments as

stated above prevail even if subjected to an arbitrary and capricious review as set forth by the

APA. 5 U.S.C. § 706(2)(A). Under this standard, Defendant must "articulate a satisfactory

explanation for its action including a 'rational connection between the facts and the choice

made.'" *State Farm*, 463 U.S. at 43. Defendant has failed to do so and has instead run afoul of

the Supreme Court's third enumerated scenario, under which a reviewing court should set aside

an agency action: the agency offered an explanation for its decision that ran counter to the

evidence before it. *Id.* As such, Defendant's rationale for applying the business submitter process

falls short, even under an arbitrary and capricious standard of review.

Defendant's stated reasons for changing its policy regarding the enforcement of 6 C.F.R.

§ 5.12 is that CBP now has reason to believe that disclosure of the commercial information

requested in these requests could reasonably be expected to cause substantial competitive harm.

Def.'s Mem. at 22 [ECF No. 6-1]. This is premised on a misunderstanding of the information

sought in Plaintiff's FOIA request, and reinforced through receiving a misinformed objection

from four businesses implicated. *See* discussion *supra* Sections IV(B)(i)–(iii). Contrary to

Defendant's assertions that the information requested is confidential, Plaintiff demonstrated that

it already had possession of that same information. *See* discussion *supra* Section IV(B)(iv). The

Defendant has not seriously engaged with the counterarguments to its position, accepting the

claims of confidentiality without pointing to any statement providing "specific justification that

the information in question is considered confidential commercial or financial information." 6

C.F.R. § 5.12(b)(1)(i); *see* Def.'s Mem. at 21–22 [ECF No. 6-1]. Defendant in this case failed to

supply a "reasoned analysis" in this case, and instead reached its predetermined conclusion

without properly examining the evidence before it. *State Farm*, 463 U.S. at 57. The APA does

not apply, but the Court should set aside Defendant's fee determination even under an arbitrary

and capricious standard, and order Defendant to reassess fees without the business submitter

process, conduct an adequate search, and release all responsive records.

### D.  Defendant's Fee Estimate Contradicts The Spirit Of FOIA

The FOIA has long been amended and interpreted to promote transparency and openness.

*See* 5 U.S.C. § 552 (a)(d) (the FOIA "does not authorize withholding of information or limit the

availability of records to the public, except as specifically stated."). Here, Plaintiff asserts that its

use of FOIA requests prioritizes efficiency and transparency—using its expertise in both asset

recovery and FOIA to shine a light on unclaimed assets. Leppke Decl. ¶¶ 2, 3 [filed herein]. In

many cases, businesses and individuals are unaware that they have been issued a (since-expired)

check, or are unfamiliar with the process of requesting a replacement check. *Id.* ¶ 3. Plaintiff

relies on FOIA requests to determine when a payee might be unaware of an unclaimed check or

the statutory deadline to request reissue. *Id.* ¶ 4; 31 U.S.C. § 3702 (b)(1) ("A claim against the

Government . . . must be received by . . . the agency that conducts the activity from which the

claim arises within 6 years after the claim accrues").

A frequent requester, Plaintiff has been at the forefront of asset recovery and has

recovered millions of dollars for businesses and individuals. Leppke Decl. ¶ 2 [filed herein].

Across its requests, APL has relied on the "strong presumption in favor of disclosure" cognizable

within the FOIA. *Ray*, 502 U.S. at 173 (1991). Indeed, though Defendant suggests that Plaintiff's

request runs counter to the spirit of FOIA, the case Defendant references in support, *Colo. Wild Pub. Lands v. U.S. Forest Serv.*, 691 F. Supp. 3d 149, 167 (D.D.C. 2023), supports Plaintiff's pursuit of knowledge. (Noting that when a "straightforward explanation will do the trick . . . the overall logic of FOIA . . . forbids the agency from opting to keep the public in the dark" in the context of FOIA Exemption 5). Here, Defendant has unreasonably applied its internal regulation to Plaintiff's request, impeding both the natural administrative flow of the FOIA request process and the path to asset recovery.

There being no reason for Defendant's failure to release responsive records, the Court should order release of all records requested. Plaintiff's request reasonably describes the stale check status updates it seeks, and Defendant has failed to conduct a search and promptly release records, in violation of the FOIA. 5 U.S.C. § 552(a)(3)(A) ("each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . *shall make the records promptly available*.") (emphasis added). Defendant has not adequately met its obligations under the FOIA or DHS regulations and should be ordered to release the records at issue.

## V. CONCLUSION

This Court should find in favor of the Plaintiff. Defendant's Rule 12(b)(6) Motion to Dismiss fails. Plaintiff has actually exhausted its administrative remedies with regard to fee assessment, and because Defendant closed the request without issuing a final determination, Plaintiff has constructively exhausted the available administrative remedies with regard to the case's merits. Plaintiff has clearly stated grounds for relief in its Complaint—a reassessment of fees without costs associated with the business submitter process, as pre-disclosure notice is not required, as well a reasonable search in accordance with the FOIA and the release of all

non-exempt responsive records. Defendant's alternative Motion for Summary Judgment is also inappropriate, as there remain genuine issues of material fact related to fee assessment, adequacy of the search, and Defendant's failure to release records.

Because Defendant failed to adhere to the FOIA's timelines for both issuing a final determination and offering appropriate appeal period instructions, it is improper for any fees to be assessed. Further, there is no reasonable or factual basis for Defendant's assertion that the requested records are confidential. Defendant's belief that disclosure of the requested information could be "expected to cause substantial competitive harm" (6 C.F.R. § 5.12(b)(1)(ii)) is flawed on its face. Defendant's reliance on the generic assertions of potential harm used by businesses does not support a reasonable belief in the risk of competitive harm, nor does it satisfy the "specific justification" element required under § 5.12(b)(1)(i). Plaintiff does not seek banking details or Taxpayer Identification Numbers; its FOIA request does not ask Defendant for records that would give it a competitive advantage over the check payees. Defendant has released similar records included in this FOIA request without applying the business submitter process for almost 20 years. Plaintiff respectfully asserts that its Complaint survives Defendant's Motion to Dismiss and alternative Motion for Summary Judgment. Plaintiff further urges the Court to compel CBP to reassess fees for the FOIA request at issue without applying the business submitter process, as it is inappropriate for Plaintiff's request. Finally, Plaintiff respectfully asks the Court to order Defendant to conduct an adequate search for responsive records and release any nonexempt responsive records.

Dated: This 3rd day of July, 2024.

Respectfully submitted,


/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar No. 438089
Sorenson Law LLC
PO Box 10836
Eugene, Oregon 97440
541-606-9173
peter@sorensonfoialaw.com


*Attorney for Plaintiff*