UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PROPERTY LOCATORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Civil Action No. 24-0379 (TSC) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
<u>AS TO WHICH THERE IS NO GENUINE ISSUE</u>**

Pursuant to Local Civil Rule 7(h), Defendant, U.S. Customs and Border Protection ("Defendant" or "CBP"), respectfully submits this reply to Plaintiff's statement of material facts and response (ECF No. 8-3) in this Freedom of Information Act ("FOIA") action.

\* \* \*

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| 1. On September 2, 2022, Plaintiff submitted a FOIA request designated CBP-2022-125751. Decl. of Patrick A. Howard ¶ 10 ("Howard Decl.," attached). | Plaintiff ADMITS, and further clarifies that request no. CBP-2022-125751 is not subject to this judicial review. Declaration of Ronnie Braun Leppke ("Leppke Decl.") ¶ 10 [filed herein]. | Undisputed. |
| 2. The FOIA request was similar to the FOIA request at issue in this Complaint, in that it sought information regarding checks pertaining to a list of businesses and was not accompanied by a power of attorney or other indication that the businesses consented to Plaintiff obtaining this information. *Compare* Pl.'s FOIA Request (ECF No. 1-5), *with* Pl.'s FOIA Request CBP-2022-125751 (Ex. C). | Plaintiff ADMITS that the FOIA request was similar, but further clarifies that the FOIA request sought updated status information for stale dated checks, information which CBP has supplied previously without requiring a power of attorney. *Id.* ¶¶ 7, 9. Although Plaintiff has submitted previous FOIA requests where APL includes documentation to evidence APL's authority to act, these requests are distinguishable based on the confidential information sought. *Id.* ¶ 8. On the other hand, the request at issue in this case seeks status information. *Id.* ¶ 18. | Undisputed that the requests were similar; undisputed that the earlier FOIA sought updated status information for stale dated checks; undisputed that, prior to October 1, 2020, Defendant had provided this information without requiring a power of attorney; undisputed that Plaintiff has submitted previous FOIA requests where Plaintiff included the required documentation; undisputed that the FOIA requests request different records, although Defendant disputes Plaintiff's implication and refers to the requests themselves for their contents. Defendant disputes that the five-part FOIA request here is as narrow as Plaintiff portrays it. *See* Pl.'s FOIA Request (ECF No. 1-5). |
| 3. CBP provided a fee estimate for that FOIA request, which included time for the business submitter process. Howard Decl. ¶ 10. | Plaintiff ADMITS, but further clarifies that it only became aware of the application of the business submitter process on October 18, 2022. *Id.* ¶¶ 10–12. | Disputed that Plaintiff only became aware of the process on October 18, 2022. *See* Email Dated Sept. 18, 2020 (informing Plaintiff's declarant, Mr. Leppke, that these FOIA requests, effective October 1, 2020, "must include proper authorization/authority (such as Power of Attorney)." Email (ECF No. 6-12) at 2. |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| 4. Plaintiff paid the fee. *Id.* | Plaintiff ADMITS, but further clarifies that it later requested a refund for overpayment and contested the application of the business submitter process. *Id.* ¶ 12. | Undisputed. |
| 5. CBP began notifying business submitters of Plaintiff's FOIA request. *Id.* | Plaintiff ADMITS, but further clarifies that it does not agree with the application of the business submitter process, and only became aware of the application of the business submitter process on October 18, 2022, after paying the fee. *Id* . | Disputed that Plaintiff only became aware of the process on October 18, 2022. *See* Email Dated Sept. 18, 2020 (informing Plaintiff's declarant, Mr. Leppke, that these FOIA requests, effective October 1, 2020, "must include proper authorization/authority (such as Power of Attorney)." Email (ECF No. 6-12) at 2. |
| 6. In response, CBP received several notifications from companies objecting to disclosure of their information. *Id.* ¶¶ 12–15; Industries SpA Resp. (Ex. D); Roche Diagnostic Resp. (Ex. E); Carl Zeiss, Inc. Resp. (Ex. F); Bio-Rad Resp. (Ex. G). | Plaintiff ADMITS, but objects to CBP's mischaracterization of APL's request as seeking the companies' confidential information. *Id.* ¶ 16. | Plaintiff's FOIA request speaks for itself. Pl.'s FOIA Request (ECF No. 1-5). |
| 7. On February 3, 2023, CBP issued its final determination as to CBP-2022-125751, releasing certain material and withholding other material pursuant to the applicable FOIA exemptions. Howard Decl. ¶ 17. | Plaintiff ADMITS. *Id.* ¶ 14. | N/A. |
| 8. Plaintiff did not appeal. *Id.* | Plaintiff ADMITS, and further clarifies that it does not dispute CBP's authority to withhold records that appropriately fall under a FOIA Exemption. *Id.* ¶ 15. Plaintiff further clarifies that it attempted to receive a refund for excess fees related to pre-disclosure notice on at least two occasions over email. *Id.* ¶ 12. | Defendant disputes that the fees, which Plaintiff paid, were "excess," *see, e.g.*, Howard Decl. (ECF No. 6-4) ¶ 10, but otherwise undisputed. |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| 9. On September 25, 2023, Plaintiff submitted a separate FOIA request to CBP. Pl.'s FOIA Request (ECF No. 1-5) at 2–20; *see also* Compl. (ECF No. 1) ¶ 10. | Plaintiff ADMITS. *Id.* ¶ 17. | N/A. |
| 10. This more-recent FOIA request, which is the request described in the Complaint, seeks five categories of records: (i) all records showing or depicting funds from Customs and Border Protection ("CBP") which attempt to return the funds to any person or entity, only for the information described in the attached Exhibit 101(A) and Exhibit 101(B); (ii) all checks which have been issued by CBP which have been replaced by CBP; (iii) all checks which have been issued by CBP which remain in their canceled status; (iv) all records showing or depicting information about canceled checks; and (v) all records showing or depicting that status of funds of persons or entities in the attached Exhibit 101(A) and Exhibit 101(B). Pl.'s FOIA Request (ECF No. 1-5) at 3. Exhibits 101(A) and (B) are lists of checks for dozens of businesses. *Id.* at 7–20. | Plaintiff ADMITS. *Id.* | N/A. |
| 11. Plaintiff acknowledges that the purpose of this request is for commercial use. Compl. (ECF No. 1) ¶ 9. | Plaintiff ADMITS. *Id.* ¶ 29. | N/A |
| 12. On October 26, 2023, Defendant emailed Plaintiff an estimated fee assessment letter. *Id.* ¶ 10; *see also* Def.'s | Plaintiff ADMITS. *Id.* ¶ 21. | N/A |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| Ltr. (ECF No. 1-7) at 2–3. The letter stated that Defendant would be applying the business submitter process to Plaintiff's FOIA request. Def.'s Ltr. (ECF No. 1-7) at 2; *see also* Howard Decl. ¶ 10. It estimated that "[t]he search, review, and business submitter process are estimated to take 18 hours of managerial time, for a total of $738.00." Def.'s Ltr. (ECF No. 1-7) at 2. | | |
| 13. The request for the status of replacement checks for various payees is financial information provided to CBP upon the original commercial transaction between the business and CBP. Howard Decl. ¶ 29. | Plaintiff DENIES. *Id.* ¶ 18. | The cited paragraph of Mr. Leppke's Second Declaration (ECF No. 8-2) does not support Plaintiff's denial. *See* Leppke Decl. (ECF No. 8-2) ¶ 18 ("The request at issue in this case seeks updates to the status of stale dated checks. *Id.*"). This improperly-reduced summary of Plaintiff's request is also inconsistent with the five-part FOIA request that Plaintiff actually submitted, which is described in the previous paragraph of the declaration. |
| 14. This information would contain the name of the company (payee), address, payee ID number, check number, amount of replacement check and whether a replacement check was reissued by CBP. *Id.* | Plaintiff DENIES, and further clarifies that the above information is publicly available and is made part of APL's requests to CBP. As such, Plaintiff does not seek payee or check information outside of a status update. *Id.* ¶ 19. | It is undisputed that some of this information is publicly available, but Defendant disputes that all of this information is publicly available. Howard Decl. (ECF No. 6-4) ¶ 30. It is further disputed that Plaintiff's five-part FOIA request does not seek payee or check information outside of a status update. Pl.'s FOIA Request (ECF No. 1-5). |

| Defendant's Opening Statement | Plaintiff's Response | Defendant's Reply |
|---|---|---|
| 15. At least some of the information sought by the FOIA request is financial information unique to the specific businesses. *Id.* | Plaintiff DENIES. Plaintiff is seeking status updates for stale checks, not privileged financial information. *Id.* ¶ 18 | The cited paragraph of Mr. Leppke's Second Declaration (ECF No. 8-2) does not support Plaintiff's denial. *See* Leppke Decl. (ECF No. 8-2) ¶ 18 ("The request at issue in this case seeks updates to the status of stale dated checks. *Id.*"). This improperly-reduced summary of Plaintiff's request is also inconsistent with the five-part FOIA request that Plaintiff actually submitted, which is described in the previous paragraph of the declaration. Further, it is undisputed that some of this information is not privileged, but Defendant disputes that all of this information is not privileged. Howard Decl. (ECF No. 6-4) ¶ 30. |
| 16. It is not the case that all information requested by Plaintiff's FOIA request has been otherwise made available to the public. *Id.* ¶ 30. | Plaintiff DENIES, and further clarifies that the requested information seeks an update for stale check information provided by the Bureau of Fiscal Services and made publicly available. *Id.* ¶ 7 | The cited paragraph of the Leppke Declaration fully supports Defendant's proposition that not all information requested by Plaintiff's FOIA request has been made publicly available, as it confirms that "[t]he Bureau of Fiscal Services does not control records relating to check reissue." Leppke Decl. (ECF No. 8-2) ¶ 7. |
| 17. The fact that a replacement check was or was not requested by the business and reissued by the government is a new transaction not yet publicly available and reveals commercial information both (1) about the business and (2) from the business. *Id.* | Plaintiff DENIES, and further clarifies that it makes its request using publicly available check and payee information. *Id.* ¶¶ 7, 19. Plaintiff further clarifies that check status updates, while disputably novel transactions, do not request or reveal | Defendant does not dispute that Plaintiff uses publicly available check and payee information when it makes its request. Defendant also does not dispute that Plaintiff is requesting information about "novel transactions." Whether a particular financial transaction has occurred is |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| | confidential commercial information about the business. See *Id.* ¶ 6. | commercial information about a business that has not been previously publicly disclosed. Howard Decl. (ECF No. 6-4) ¶ 30. |
| 18. Plaintiff has previously submitted powers of attorney when it requests similar information for specific companies that it already represents. *See id.* ¶ 6; *see also* JVC Americas Power of Att'y (Ex. A); Incipio Techs., Inc. Power of Att'y (Ex. B). | Plaintiff ADMITS, but further clarifies that it only submits a power of attorney when it seeks confidential information on behalf of a client, and not when it only seeks a check status update. *Id.* ¶ 8 | It is undisputed that Plaintiff only submits a power of attorney when it is submitting a FOIA request on behalf of a client and that the FOIA request at issue here was not submitted on behalf of a client. It is disputed that Plaintiff's five-part FOIA request seeks merely a check status update. Pl.'s FOIA Request (ECF No. 1-5). |
| 19. On November 13, 2023, Plaintiff submitted an administrative appeal of Defendant's fee determination. Compl. (ECF No. 1) ¶ 14. | Plaintiff ADMITS. *Id* . ¶ 22. | N/A. |
| 20. On December 12, 2023, Defendant sent a final determination letter for Plaintiff's administrative appeal. *Id.* ¶ 16; *see also* Def.'s Final Determination Ltr. (ECF No. 1-10) at 2–7. | Plaintiff ADMITS. *Id* . ¶ 24. | N/A. |
| 21. If the business submitter process applies, which is a legal conclusion that Plaintiff disputes, then the correct fee estimate would have been $865.50, which would be the sum if professional staff time were included. Def.'s Final Determination Ltr. (ECF No. 1-10) at 6; Howard Decl. ¶ 35. | Plaintiff DENIES. *Id* . ¶ 31. | The cited paragraph provides no support for the notion that review fees should be less even if the business submitter process applies. It states only: "If fees are assessed, APL disputes the estimated fee amount of $738.00. APL also disputes the propriety of the $865.50 fee calculation, stated in the appeal determination letter." Leppke Decl. (ECF No. 8-2) ¶ 31. It does not specify the basis for Plaintiff's dispute, and the only basis argued in Plaintiff's briefing is that |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| | | the business submitter process should not have been applied. Accordingly, Plaintiff has forfeited any skeletal argument that review fees should have been less even if the business submitter process applies. |
| 22. Defendant nonetheless adhered of its earlier estimate and confirmed that it will not revise upward the fee estimate, thereby allowing Plaintiff to pay the initial $738 fee estimate. Def.'s Final Determination Ltr. (ECF No. 1-10) at 6. | Plaintiff ADMITS. *Id*. ¶ 24. | N/A. |
| 23. Plaintiff elected not to pay the fee and instead filed the Complaint on February 8, 2024. Howard Decl. ¶ 37. | Plaintiff ADMITS. *Id*. ¶ 28. | N/A. |
| N/A. | 24. Defendant's October 26, 2023, Fee Estimate Letter indicated that Plaintiff could appeal the fee estimate within 30 days of its receipt, rather than 90 days, as stated in the FOIA. *Id.* ¶ 21; Compl. Ex. 106 [ECF No. 1-10]. In its Final Determination Letter, Defendant determined that remanding to correct the timeline would not be in the interest of administrative efficiency. Leppke Decl. ¶ 25 [filed herein]; Compl. Ex. 106 [ECF No. 1-10]. | Undisputed and immaterial. Plaintiff indisputably appealed within the period allotted. |
| N/A. | 25. In Defendant's December 12, 2023, Final Determination Letter, Defendant stated Plaintiff had a right to judicial review. Leppke Decl. ¶ 25 [filed herein]; Compl. Ex. 106 [ECF No. 1-10]. | Undisputed, although Plaintiff's statement contains a glaring lacuna: the object of the sentence. The final determination letter confirmed what Plaintiff is entitled to seek judicial review of—i.e., the fee determination decision. Final |

| **Defendant's Opening Statement** | **Plaintiff's Response** | **Defendant's Reply** |
|---|---|---|
| | | Determination Ltr. (ECF No. 1-10) at 7 ("In the event that you are dissatisfied with the disposition of your appeal, you may obtain judicial review of this decision."). It did not somehow open the doors to judicial review of unexhausted claims. |
| N/A. | 26. On January 17, 2024, Defendant issued a letter stating that due to non-payment, it had closed Plaintiff's request after 30 days. Leppke Decl. ¶ 26 [filed herein]; Compl. Ex. 108 [ECF No. 1-12]. | Undisputed. |
| N/A. | 27. Defendant has not released any records in response to Plaintiff's request, and did not issue final determination on the request within the 20 working-day statutory period, which passed on October 24, 2023. See Compl. ¶ 4 [ECF No. 1]; Leppke Decl. ¶ 27 [filed herein]. The ten working-day extension passed on November 7, 2023. Leppke Decl. ¶ 27 [filed herein]. | Defendant disputes the legal conclusion that the twenty-working-day period actually passed on October 24, 2023, given that Defendant invoked the ten-business-day extension on October 20, 2023. *See* Def.'s Ltr. (ECF No. 1-8) at 33. The remainder of this paragraph is undisputed. |

\* \* \*

Dated: August 8, 2024   Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:   /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar #1020234
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2551

*Attorneys for the United States of America*